## GONZÁLEZ v. COLLAZO.

## APPEAL from the District Court of Aguadilla.

No. 329.—Decided December 23, 1908.

INJUNCTION—INSUFFICIENCY OF PETITION—MATERIAL OF CIVIL POSSESSION OF PROPERTY.—In the case at bar it is alleged in the petition that the petitioner, after having been placed in possession of the property sold him by the marshal of the municipal court of Lares, possession thereof was given to another person by the marshal of the District Court of Aguadilla, by virtue of a public sale thereof, notwithstanding which he affirms that he has continuously been in possession of the property. The petitioner does not state whether the possession to which he refers was material or civil, nor does he allege any facts from which it may be inferred what kind of possession he held. The court held that the petition is defective, because it does not allege such facts.

ID.—INSUFFICIENCY OF COMPLAINT—ALLEGATION OF GREAT AND IRREPARABLE INJURY, DIFFICULT TO ESTIMATE.—A petition for injunction is insufficient where it fails to allege that the injury being caused the plaintiff is considerable in extent, difficult to estimate, and irreparable.

ID.—CONTROVERSY AS TO OWNERSHIP AND POSSESSION—ADEQUATE REMEDY.—Where the acts performed by the defendant show a controversy as to the ownership and possession, such controversy should be settled, not by means of a writ of injunction, but by the prosecution of the proper action, with a view to securing the application of sections 447 and 1376 of the Civil Code.

ID.—APPLICATION FOR INJUNCTION—FULL STATEMENT OF ALL THE FACTS.—In an application for injunction a full statement of all the facts should be made, and when it appears that the facts have not been so set forth, the application must be denied.

ID.—GREAT CAUTION SHOULD BE EXERCISED IN GRANTING INJUNCTION.—Great caution should be exercised in granting writs of injunction, and they should only be granted in those cases in which the necessity and the reason therefor is clear.

The facts are stated in the opinion.

*Mr. Arturo Reichard,* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On the 24th of August of this year, Juan Gonzalez Mercado, through his attorney, Arturo Reichard, filed a petition for an injunction in the District Court for the judicial district of Aguadilla, a literal copy of which reads as follows:

"In the District Court for the Judicial District of Aguadilla, P. R. *Juan González Mercado* v. *José Collazo Bracero.* Petition for

Injunction. To the honorable judge of the said court. Now comes plaintiff, through the undersigned attorney, and respectfully states as grounds for the writ of injunction applied for against the defendant, José Collazo Bracero, the following facts:

"First. By deed No. 134, executed in Lares on June 19, 1908, before Notary Juan Z. Rodríguez (not recorded in the registry because predecessor's deed was not recorded), the plaintiff acquired, by an award in payment in an action prosecuted for the recovery of money against Emilia Guzmán, a property composed of 38 *cuerdas* of land planted with coffee, bananas, pasture, and undergrowth, situated in *barrio* Mirasol of Lares, bounded in all directions by the lands of the Estate of Vicente Guzmán, which were awarded to the heirs Juan Antonio and Emilia Guzmán, which deed is hereto attached and forms a part of this petition.

"Second. The plaintiff, ever since the 16th of June, 1908, has been in possession of the property which was delivered to him by the marshal of the municipal court of Lares, in compliance with an order of said court, and has been enjoying the same quietly and peaceably, and has expended money for improvements thereon.

"Third. Subsequently to the delivery of possession of the property to the plaintiff, the defendant herein being in the same property before the District Court of Aguadilla, in an action for the recovery of money prosecuted against the former owner, Emilia Guzmán, on June 27, 1908—that is to say, long after the plaintiff acquired possession—and, on August 10 of the present year, a deputy marshal of the District Court of Aguadilla delivered possession of the property to the defendant, after it had become the property of plaintiff, and upon which the latter had already incurred expenses by virtue of the title which he held.

"Fourth. The plaintiff in this case is and has been in possession of the property, and has protested against the acts of ownership which the defendant has attempted to perform upon the property, and the employes of the defendant have left the same, but surreptitiously, during the night, when the employes of the plaintiff cannot properly watch the place, they have entered thereon and wantonly cut trees and fruits, for the deliberate and sole purpose of causing damage to the property, which acts cause and will cause, if permitted to continue, irreparable damage to the plaintiff, impossible to estimate.

"Fifth. The plaintiff alleges that the possession given to defendant after he had become the absolute and sole owner of the property, is illegal, because on that date, Emilia Guzmán owned no property,

and therefore, the defendant could not bid in nor obtain possession thereof; and that the defendant should be prohibited from entering, or directing his employes to enter, upon the property hereinbefore described, from committing wanton and unjustifiable damage, as they have been doing up to this time; as also from gathering fruits or performing any acts of ownership whatever upon the said property.

"Sixth. The plaintiff alleges that it is impossible for him to obtain a full and adequate remedy at law, because it is impossible to estimate the damages which the malicious acts of defendant upon the property have caused him, as also, in view of the fact that the time is fast approaching for the gathering of the coffee crop, it is impossible to estimate the value of the coffee and other fruits which the plaintiff may obtain from the property, the writ of injunction, therefore, being the only adequate remedy open to him in this case.

"*Wherefore*, the plaintiff prays that this honorable court, after all the legal formalities have been complied with, which the plaintiff is ready and willing to comply with, issue a writ of injunction against the defendant in this case, José Collazo Bracero, restraining him from entering upon the property hereinbefore described, and from gathering the fruits or exercising any acts of ownership whatsoever thereon; and likewise restraining him from authorizing or directing his employes and agents so to do, and that he be adjudged to pay the costs. Aguadilla, August 22, 1908. Signed, Arturo Reichard, Attorney for the Plaintiff."

On the 25th of August following, said court made an order denying the writ of injunction prayed for on the ground that it appeared from the facts and circumstances set forth in the petition that the petitioner had no right to the relief sought, and from this order González Mercado took an appeal in due time, which he has maintained before this Supreme Court by means of a written brief, but did not appear at the hearing.

The facts alleged by petitioner, Juan Gonzáles Mercado, show that, after having been placed in possession of the property sold by the marshal of the municipal court of Lares, possession thereof was also given to José Collazo Bracero by the marshal of the District Court of Aguadilla, by virtue of an award thereof at public sale, notwithstanding which he affirms that he has been continuously in possession of the property. González Mercado does not explain whether the possession

referred to is natural or civil, nor does he allege any facts
from which it may be inferred what sort of possession it was;
and as the legal effects in each case are different, the com-
plaint is defective for the purposes for which it is brought.
and especially if such possession is material, we cannot under-
stand how such possession having been given to Collazo Bra-
cero, after it was given to González Mercado, the latter can
continue in the possession of the property in question.

However, even supposing that the plaintiff continues in
possession of the property and the employes of the defendant
have entered therein and cut the fruits and trees, there is
nothing to show that the damage is considerable, difficult to
estimate, or irreparable. It appears to us that the value of
the fruits and the trees, by reason of their very nature, could
be easily estimated, and that whatever this value might be,
the amount whereof has not been shown, reparation could be
obtained by pecuniary compensation enforced in a proper ac-
tion at law, wherein the petitioner would find an adequate
remedy, and there would be no necessity for him to resort to
the writ of injunction which he now seeks.

If the acts performed by the defendant show a controversy
as to the ownership and possession that controversy may be
settled, not by means of a writ of injunction, but by the prose-
cution of the proper action, with a view to securing the appli-
cation of sections 447 and 1376 of the Civil Code, which reads
as follows:

"Article 447.—Possession, as a fact, cannot be recognized in two
different personalities, unless in cases of indivisibility. If a question
arises regarding the fact of possession preference shall be given to
the present possessor; if there be two possessors, to the one longest
in possession; if the dates of the possession coincide, to the one pre-
senting a title; and when all these conditions are equal, the thing
shall be placed in deposit or judicial keeping, whilst the possession
or ownership be determined through proper proceedings.

"Article 1376.—If the same things should have been sold to dif-
ferent vendees, the ownership shall be transferred to the person who

may have first taken possession thereof in good faith, if it should be personal property.

"Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

"Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to.the person who presents the oldest title, provided there is good faith."

In the injunction case of *Victor Martínez* v. *María Moreno,* decided by this court on January 31, 1906, 10 P. R. Rep., 498, we said:

"A full disclosure of all the facts must be made in the application for the writ of injunction, and when it is apparent that such disclosure has not been made, the relief may properly be refused." (1 High on Injunctions, sec. 11.)

In that same case we reiterated what we had already held in the case of *Amalia Pereira* v. *Paula Villafaña,* decided on January 12, 1906, 10 P. R. Rep., 11:

"Writs of injunction should be granted with great caution, and only in cases where the reason and necessity are clear.   *   *   *

"That remedy cannot be granted to stay a damage for which ample compensation may be had in action for the recovery of damages."

This doctrine is applicable to the present case.

For the reasons set forth, and in view of the provisions of the Injunction Law, approved March 8, 1906, we are of the opinion that the judgment appealed from should be affirmed.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.